UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eileen MacDowell, et al., | ) | CASE NO. 10 CV 1043 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bank of America, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion for Remand and Motion for Costs and Attorney's fees Under 18 U.S.C. § 1447(c) (Doc. 6). For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

**FACTS**

Plaintiffs, Eileen and Robert MacDowell, filed this lawsuit in state court against defendants, Bank of America Corporation, Frederick J. Hanna & Associates, P.C., Equifax Information Services, LLC, Trans Union Corp., and Experian Credit Bureau. On April 12, 2010, plaintiffs filed their initial complaint, which contained two federal claims. On April 26, 2010,

1

plaintiffs filed their first amended complaint, which deleted one of the federal claims. On May 5, 2010, plaintiffs filed their second amended complaint, which contains only state law claims. Thereafter, on May 10, 2010, defendants filed a notice of removal on the grounds that federal question jurisdiction exists. Defendants based their notice of removal on the first amended complaint. Plaintiffs move to remand this matter and defendants oppose the motion.

### **ANALYSIS**

According to plaintiffs, defendants improperly removed this matter because the second amended complaint contains no federal claim. Plaintiffs make various other arguments regarding the lack of federal jurisdiction over this matter. In response, defendants point out that plaintiffs failed to obtain leave to amend their complaint. According to defendants, a plaintiff may amend a complaint without leave of court on only one occasion. The Ohio Rules of Civil Procedure require that a plaintiff obtain permission to file further amendments. Defendants ask this Court to ignore the second amended complaint because plaintiffs failed to obtain permission from the state trial court.

Upon review, this Court finds that remand is required. According to defendants, this Court's jurisdiction arises based on the existence of a federal question. The second amended complaint, however, which is the currently pending complaint, contains no federal claim. This Court will not strike the currently pending complaint. In the event defendants wanted to argue that the second amended complaint was improperly filed, defendants should have presented those arguments to the state court. This Court's jurisdiction arises based on the claims pending at the time of removal. At the time of removal, however, the pending complaint contained no federal claim. As such, federal question jurisdiction does not lie and remand is appropriate.

2

Plaintiff asks for attorney's fees for the costs associated with preparing the motion to remand. Defendants claim, however, that they were not served with the second amended complaint and that their removal attempt was based on their belief that the first amended complaint was the operative complaint. Plaintiffs offer no response to this argument. Because the first amended complaint contained a federal claim, and because plaintiffs do not dispute that defendants were not served with the second amended complaint, the Court finds that attorney's fees are not warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Remand and Motion for Costs and Attorney's fees Under 18 U.S.C. § 1447(c) is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.


    /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 6/21/10